Abraham J. Gtellinoef, J.
This is an action for a declaratory judgment and incidental relief thereto, brought by Playboy Club of New York, Inc., against the State Liquor Authority and its members. The action was tried before this court; findings of fact and conclusions of law were waived; and the following is the decision of the court.
The complaint alleges that since December 9, 1962 plaintiff has been engaged in the restaurant business, operating a restaurant called “Playboy Club”, which offers “both meals and drink to the public ”; that plaintiff claims and has claimed the right to require an admission fee from its patrons, but that defendants have disputed its right to do so; and that plaintiff fears to exercise its claimed right lest its restaurant license be revoked. Paragraph 10 of the complaint alleges that “ the sole issue created by said dispute and controversy is whether under the law of this State a restaurant liquor licensee may require payment of said admission fee ”.
The pleading also contains a second cause of action. It alleges that plaintiff had expended large sums of money in advertising and promotion prior to the scheduled opening of the restaurant, in reliance on defendants’ approval of its application for a restaurant liquor license upon complying with certain conditions (which did not include a requirement that no admission fee be charged); that two or three days prior to the scheduled opening, defendants threatened to refuse the license unless plaintiff agreed not to charge an admission fee; and that plaintiff, in order not to jeopardize its large investment, was forced to make such an agreement. Plaintiff claims that its promise to refrain from charging an admission fee was the result of duress.
The relief sought is (1) an adjudication that plaintiff may legally require payment by its patrons of an admission fee, and that defendants have no power to revoke its license or to fail to renew it if plaintiff, which has been operating under the license without charging an admission fee, should commence charging such a fee; (2) cancellation of plaintiff’s agreement to refrain from charging such a fee, on the ground that it was procured through duress; and (3) an injunction restraining defendants from taking any action suspending such license or renewal *451 thereof by reason of plaintiff’s requirement that the public pay an admission fee for access to its premises.
A motion to dismiss the complaint, made before answer, has heretofore been denied by the court. A motion prior to answer, to dismiss a complaint seeking a declaratory judgment, presents for determination only the question whether a good cause of action for the making of a declaratory judgment is stated and does not raise the question as to whether the judgment should be as claimed by plaintiff (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 51). The order of denial was not appealed from and thus established as the law of the case, binding on this court of co-ordinate jurisdiction (though not on an appellate court), that a good cause of action for a declaratory judgment is stated (Endurance Holding Corp. v. Kramer Surgical Stores, 227 App. Div. 582, 584; see, also, Mt. Sinai Hosp. v. Davis, 8 A D 2d 361, 362-363). In its opinion holding that the complaint alleged a good cause of action, the court stated that “ the sole issue involved in this action is whether under the law of the State a restaurant liquor licensee may require payment of an admission fee ”.
A brief statement of plaintiff’s method of operation is in order. Plaintiff’s restaurant is one of a related group of high-class restaurants, located in major cities of the United States, which have been franchised by Playboy Clubs International, Inc., which acts as a credit agency. It wishes to operate its New York City restaurant in the manner in which the Playboy restaurants in other cities are operated. Plaintiff admits any member of the public who is of lawful age. It desires to charge an admission fee of $25, which may be increased in the future, entitling the payor to a paper key and receipt. The receipt is nontransferable and good for 30 days, during which the payor is permitted to enjoy the facilities of the restaurant and of the others in the Playboy group. He must, however, pay cash for any meals or drinks served to him during the 30 days. Playboy Clubs International, Inc., checks the payor’s credit and, if it is found satisfactory, a permanent metal key is issued to him. This metal key permits the possessor to enjoy the facilities of the restaurant and of others in the Playboy group, and also entitles him to credit for food and drink, subject to local laws as to extension of credit.
If the payor’s credit is found unsatisfactory, he is notified to that effect and informed that he may have his fee refunded or obtain a paper key, which permits him to enjoy the facilities of Playboy restaurants on a cash basis. The admission fee is *452 divided equally between plaintiff and Playboy Clubs International, Inc. Concededly, no discrimination based on race, creed, color or national origin is practiced. For the half received by Playboy Clubs International, Inc., it guarantees to plaintiff the credit of all holders of metal keys.
Any member of the public, of lawful age, may, by payment of the admission fee, obtain a paper key, and, if his credit is approved, a metal key entitling him to credit, if permitted by local law. Regardless of whether or not plaintiff may legally be required —in order to be entitled to a restaurant liquor license — to admit all members of the public, the fact remains that it actually does so and that it apparently intends to continue to do so. Its complaint seeks only an adjudication that it may validly require an admission fee — not that it is entitled to exclude any member of the public who is willing to pay the fee.
Under the allegations of the complaint — as established by the court’s decision upholding the complaint — the sole issue presented for determination is whether defendants may legally, as a condition of issuing a restaurant liquor license to plaintiff, require the latter to refrain from charging the contemplated admission fee.
In view of plaintiff’s practice, present and prospective, of admitting any member of the public willing to pay the fee, and its omission to advance in its complaint a contention that it may legally exclude members of the public who are not willing to pay the fee, it may be assumed for the purposes of this action that defendants are correct in contending that, as a condition of the issuance of a restaurant liquor license, they may legally require an applicant to admit all members of the public who wish to enter its premises to obtain food or drink.
However, even if, as defendants claim, a restaurant, within the meaning and intent of the Alcoholic Beverage Control Law, must be open to the general public, it does not follow that the imposition of an admission fee —on payment of which any member of the public may enter plaintiff’s premises and purchase liquor for consumption thereon — in any way makes plaintiff’s premises not open to the general public. In Matter of Castle Hill Beach Club v. Arbury (2 N Y 2d 596) Chief Judge Cowway of our Court of Appeals aptly declared that (p. 601) “ a place may be public though a weekly, monthly or seasonal basis for charging for admission is employed ”. The case of Walton Playboy Clubs v. City of Chicago (37 Ill. App. 2d 425) involved the same question, among others. The Illinois Liquor Control Act provided that no licensee should deny any person full and equal enjoyment of the accommodations and privileges of any places where *453 liquor was sold. The city contended that, in view of the exaction of an admission fee, the plaintiff in that case “ denied access to its premises to the general public” (p. 429). That claim was overruled, the court saying (p. 431): “ The distinction must be made between the legally prohibited discrimination based on color, creed and race, and the non-prohibited discrimination based on a financial exaction which applied equally to all men. ’ ’ The following language is peculiarly apposite here (p. 432): ‘ ‘ The charge made by the plaintiff in the form of an initial fee, just as a cover charge, admission charge, or charges of high prices for alcoholic liquor served, may constitute an obstacle . . . for the enjoyment of such accommodations, but such obstacle obviously applies equally to persons similarly situated, of every race or creed.” The court pointed out that the admission fee ($50) did not differ, except in size, from cover charges in other establishments, and that this fee, paid only once, amounted to far less eventually than the aggregate of cumulative cover charges exacted by many other restaurants on the occasion of each visit by the patron.
There is nothing in the Alcoholic Beverage Control Law or in any other statute of this State which expressly or impliedly forbids the issuance of a restaurant liquor license to one whose restaurant, though open to the general public, proposes to charge an admission fee or cover charge, regardless of the amount thereof. Defendants presently permit restaurant liquor licensees to impose cover charges, but they contend that they may prohibit plaintiff from charging a single all-time admission fee. They seek to justify this decision or conclusion — which, to the court, seems discriminatory and which finds no support express or implied in any statute — by relying on the discretion vested in them “ to determine whether public convenience and advantage will be promoted by the issuance of licenses ” (Alcoholic Beverage Control Law, § 2). They concede, however, that the exercise of this discretion may not be arbitrary or capricious and that it must rest upon a substantial, reasonable basis.
Defendants’ posttrial memorandum states “that the policy and intent of the Legislature in promulgating the Alcoholic Beverage Control Law was to * * * foster and promote temperance ”.
A condition to the issuance of a liquor license which, although lacking a basis express or implied in any statute, at least has some reasonable relation to the promotion of temperance, might well be proper. But defendants’ insistence that plaintiff refrain from charging the proposed one-time admission fee has no relation to the promotion of temperance. The requirement that *454 a patron pay a fee in order to be permitted to drink liquor in plaintiff’s establishment tends to reduce rather than increase the number of persons availing themselves of the privilege of drinking liquor on plaintiff’s premises. Particularly is this true in light of plaintiff’s intention to increase the fee beyond the present $25 charge. This court fails to perceive how the elimination of this fee could promote temperance, and the court is unaware of any theory upon which defendants’ determination may be upheld as a valid exercise of their discretion in promoting temperance.
For the reasons indicated, this court holds that defendants may not legally forbid a restaurant liquor licensee from charging an admission fee, whether it be in the form of a cover charge or a one-time admission fee.
References are made by defendants to advertising prior to the issuance of plaintiff’s conditional license, in which it was stated that plaintiff’s establishment would be operated as a distinguished private key club open only to keyholders and their guests. It may be that this was an important factor in defendants’ imposition, as a condition of the issuance of the license to plaintiff, that it charge no admission fee. No claim, however, is made by plaintiff in this action that it may exclude any member of the general public who is willing to pay the admission fee proposed. On the contrary, as previously observed, its claim is merely that it has the right to require payment of the fee by any member of the public (emphasis supplied).
Plaintiff has been open to the public generally and, as far as . the record establishes, it intends to continue in the same manner. In issuing the license to the plaintiff, defendants did not impose as a condition that plaintiff refrain from advertising and from other conduct which might tend to lead the public to believe that plaintiff’s establishment was not open to the general public. Whether the holder of a restaurant liquor license may legally be required to admit the general public, is, as heretofore pointed out, not a question presented for determination by the complaint and need not be considered at this time. Whether the imposition by defendants of a condition — requiring plaintiff to refrain from conduct tending to create a public impression that it is a private club, not open to the general public — would be valid, is likewise a question not presented for determination in this case, particularly since no such condition has been imposed.
As to the second cause of action, based on alleged duress, it is sufficient to point out that the document sought to be cancelled merely states that plaintiff agrees to operate according to defendants’ interpretation, i.e., that no admission fee could be charged, *455 “ until our right to operate otherwise is legally established ”. It is thus clear that plaintiff’s right to obtain a judicial declaration vindicating its position that it may legally charge an admission fee was impliedly, if not indeed expressly, reserved. Having obtained such a declaration there is no need to cancel or rescind the document, and it is, accordingly, unnecessary to consider whether it was the product of legal duress. The second cause of action has become academic.
Plaintiff is entitled to the judgment demanded as to the first cause of action, and the second cause is dismissed as academic.