## Schreiber Appeal

*Paul R. Mazzoni*, for appellant.

*I. Reines Skier, Special Assistant Attorney General*, for Commonwealth.

*Edward B. Bergman*, for Penna. Tavern Assoc., amicus curiae.

CONABOY, J., August 28, 1968.—Appellant is the operator of a restaurant business licensed by the Pennsylvania Liquor Control Board and located at 1041 Moosic Street in Scranton, Pennsylvania.

On May 18, 1967, the board issued a citation to appellant alleging that appellant had violated the provisions of the Liquor Code of April 12, 1951, P. L. 90, art. 1, sec. 101; 47 PS §1-101, etc, in that,

1. You, your servants, agents or employees made a charge for admittance to your licensed premises on or about March 10th, 18th, 31st, 1967, and on diverse other occasions within the past year.

After a hearing, the board on December 14, 1967, found that the licensee had violated the laws of the Commonwealth and/or regulations of the board for so charging admission, and imposed a fine upon the appellant in the amount of $150.

Thereafter appellant appealed to this court and the matter was submitted on stipulation, which stipulation admits that appellant did make a charge for admission at the door of his establishment but explains that in return for the admission charged, each patron was given two tickets which he was allowed to redeem for the purchase of food and beverages in the establishment. The amount charged was $1 per person. The stipulation also sets forth that regulation no. 110.01 of the Pennsylvania Liquor Control Board provides in part, as follows:

"Applications for Amusement Permits may be filed with the board at any time during the license year and, if issued, such Permits shall expire with the licensee's license. An original (new) Amusement Permit will not be issued to any licensee against whom revocation or criminal proceedings are pending, *neither will an original (new) or renewal Amusement Permit or transfer thereof be issued at any time to a licensee who charges admission to his licensed premises*".

Following the submission of this stipulation, the court was requested by, and did allow the Pennsylvania Tavern Association to file a brief with the court as amicus curiae.

There is no dispute in this matter that the Pennsylvania Liquor Control Board has been lawfully established and has been given the power to make such

regulations as it deems necessary for the efficient administration and operation of the various licensed establishments in the Commonwealth. It is argued on behalf of the appellant, however, (1) that the assessing of an admission charge is not a violation of the Pennsylvania Liquor Code and (2) that to attempt to establish the charging of admission as a violation would be unreasonable, an abuse of discretion, and would serve no useful purpose.

No part of the Liquor Code and no regulation of the board specifically prohibits the charge of admission. Nor is the charging of admission specifically set forth anywhere in the code or the regulations as a violation. The only reference to the charge of admission is in board regulation no. 110.01 set forth above which negatively states that "no amusement permit" *(which is separate from a liquor License)* will be issued to a licensee who charges admission . . .

These facts apart from any other consideration make the board's position tenuous.

In spite of this apparent lack of authority, the board has historically considered the charge of admission as a violation and so prosecuted this licensee. While licensed establishments have been allowed to charge minimums and cover charges with immunity, a charge of admission has been treated by the board as a violation. The basis for this distinction is unexplained on the record, and most difficult to fathom.

While the board's argument in favor of its position against the admission charge is unclear—it appears that it is basically based upon the board's contention that a licensed restaurant must be "open to the public" and that the admission charge would somehow interfere with access by the general public. The board submits no authority for the proposition that the charging of an admission fee in any way violates the direction to a restaurant to remain "open to the public". It is

apparent from the record, that as a matter of fact, this licensee intends to remain open to the public and intends to admit any member of the public into his establishment who is of lawful age, upon payment of the admission fee. There is not even a hint at any discrimination based on race, creed, color, national origin, or economic status. The only issue involved, is whether or not a licensee in Pennsylvania may legally charge a fee for admission to his establishment.

While this question has never been acted upon by the courts in our Commonwealth, the same issue has arisen in other States having similar codes and in each such instance, the courts have uniformly held that the boards may not legally forbid a restaurant liquor licensee from charging an admission charge whether it be done in the form of a cover charge, a minimum, or a one time admission fee.

Among the most thorough considerations given to similar appeals was that done in the case of the Playboy Clubs of New York, Inc. v. Hostetter, 243 N.Y.S. 2d 125 (1963), affirmed by the New York Court of Appeals, 14 N.Y. 2d 933 (1964). The court in that instance had the exact question before it which we are considering herein and several excerpts from the opinion are most appropriate.

"Any member of the public, of lawful age, may, by payment of the admission fee, obtain a paper key, and, if his credit is approved, a metal key entitling him to credit, if permitted by local law. Regardless of whether or not plaintiff may legally be required—in order to be entitled to a restaurant liquor license—to admit all members of the public, the fact remains that it actually does so and that it apparently intends to continue to do so. Its complaint seeks only an adjudication that it may validly require an admission fee—not that it is entitled to exclude any member of the public who is willing to pay the fee.

"Under the allegations of the complaint—as established by the court's decision upholding the complaint —the sole issue presented for determination is whether defendants may legally, as a condition of issuing a restaurant liquor license to plaintiff, require the latter to refrain from charging the contemplated admission fee.

*       *       *

"However, even if, as defendants claim, a restaurant, within the meaning and intent of the Alcoholic Beverage Control Law, must be open to the general public, it does not follow that the imposition of an admission fee—on payment of which any member of the public may enter plaintiff's premises and purchase liquor for consumption. thereon—in any way makes plaintiff's premises not open to the general public. In matter of Castle Hill Beach Club v. Arbury, 2 N.Y. 2d 596, 162 N.Y.S. 2d 1, 142 N.E. 2d 186, Chief Judge Conway of our Court of Appeals aptly declared that (2 N.Y. 2d p. 601, 162 N.Y.S. 2d p. 3, 142 N.E. 2d p. 188) 'a place may be public though a weekly, monthly or seasonal basis for charging for admission is employed.' The case of Walton Playboy Clubs, Incorporated v. City of Chicago, 37 Ill. App. 2d 425, 185 N.E. 2d 719, involved the same question, among others. The Illinois Liquor Control Act provided that no licensee should deny any person full and equal enjoyment of the accommodations and privileges of any places where liquor was sold. The City contended that, in view of the exaction of an admission fee, the plaintiff in that case 'denied access to its premises to the general public' (37 Ill. App. 2d p. 429, 185 N.E. 2d p. 721). That claim was overruled, the Court saying (37 Ill. App. 2d p. 431, 185 N.E. 2d p. 722) : 'The distinction must be made between the legally prohibited discrimination based on color, creed and race, and the non-prohibited

discrimination based on a financial exaction which applies equally to all men.'

*       *       *

"There is nothing in the Alcoholic Beverage Control Law or in any other statute of this state which expressly or impliedly forbids the issuance of a restaurant liquor license to one whose restaurant, though open to the general public, proposes to charge an admission fee or cover charge, regardless of the amount thereof. Defendants presently permit restaurant liquor licensees to impose cover charges, but they contend that they may prohibit plaintiff from charging a single all-time admission fee. They seek to justify this decision or conclusion—which, to the court, seems discriminatory and which finds no support express or implied in any statute—by relying on the discretion vested in them 'to determine whether public convenience and advantage will be promoted by the issuance of licenses' (Alcoholic Beverage Control Law, §2). They concede, however, that the exercise of this discretion may not be arbitrary or capricious and that it must rest upon a substantial, reasonable basis.

*       *       *

"For the reasons indicated, this court holds that defendants may not legally forbid a restaurant liquor licensee from charging an admission fee, whether it be in the form of a cover charge or a one-time admission fee."

For the reasons stated herein it is the finding of this court that there is nothing in the Pennsylvania Liquor Code which prohibits the charging of an admission fee by the holder of a restaurant license. It is the further finding of this court that the action of the Liquor Board in propounding that section of the code referred to herein which prohibits the issuing of an amusement permit to any licensee who charges admis-

sion was an arbitrary and capricious act which was unreasonable and an abuse of discretion, since the said section serves no useful purpose, and thus it cannot be enforced.

Now, therefore, August 28, 1968, the appeal from the imposition of the fine in this case is sustained, and the citation issued against the licensee is dismissed.