Morris E. Spector, J.
This is an application in the nature of mandamus to compel the County Clerk of New York County to accept for filing assumed name certificates upon payment of appropriate fees.
Petitioner offered for filing certificates of doing business under the names of ‘ ‘ The Brothel ”, “ The Garden of Erotic Pleasures ”, “ Theatre 0 ”, and “ Club Orgy ”.
Section 130 of the General Business Law, requires that a person doing business under an assumed name must file a certificate designating the person conducting such business.
*940 The County Clerk refused to file said certificates because they would be employed for deceptive purposes indicating that some kind of illegal or otherwise obscene activity may be expected within the establishments so described.
It has been held that the County Clerk should not be required to accept a certificate of doing business for filing which is misleading to the public (Matter of Birdwell v. Watson, 268 App. Div. 642). It follows therefrom that he has the right to review the propriety of the assumed name in the ■ certificate of doing business offered for filing (Matter of Shattls v. Watson, 295 N. Y. 582). In such case, his function is not ministerial, but quasi-judicial.
Obviously, the assumed names on the certificates were adopted for the purpose of obtaining publicity, public attention, and curiosity, with the expectation they would promote business for the establishments. In fact, they may invite the attention of the Police Department, which would cause the establishments to be under police surveillance. In such case the public would be protected from illegal activities.
The filing of a certificate does not imply governmental approval of the assumed name or of the business activity. The filing is statutorily required for the purpose of identifying the person operating the business under such assumed name.
It has not been shown that the assumed names are in contravention of any provision of law. While the names are distasteful, that is not a sufficient reason to deny their filing.
The demand for damages is denied. Petitioner has neither a claim for statutory nor a common-law right to damages. In the determination herein, the County Clerk was acting in a quasi-judicial capacity within the scope of his official authority and in line of his official duty, and no liability can attach to him for such determination. (Rottkamp v. Young, 21 A D 2d 373, affd. 15 N Y 2d 831.)
The application is granted directing the filing of the certificate, and otherwise denied.