Bertram Harnett, J.
In 1955 Harry Mock founded the Gam Wah Restaurant, Inc. (Gam Wah) in Westbury, New York, and its restaurant liquor license was issued December, 1956. Until 1966, the license was annually renewed.
In May, 1964 Mock was indicted by the Nassau County Grand Jury on charges of vagrancy (Code Grim. Pro., § 887), solicitation for immoral purposes (Penal Law, § 1148), and suffering and permitting premises to become disorderly (Alcoholic Beverage Control Law, § 106, subd. 6). In July of that year, the New York State Liquor Authority (SLA) brought proceedings to revoke Gam Wah’s license, charging that Mock had been involved in improper activities as president of the Island Steak House, another SLA licensee, and because of the acts previously included in the May, 1964 Grand Jury indictment.
The SLA hearing officers sustained the Island Steak House charges against Mock. After a subsequent hearing on the remaining charges, the hearing officer determined that several named persons had sexual relations with a woman introduced by Mock, that Mock had called the woman to the Gam Wah premises itself on eight occasions for the purposes of prostitution, and that Mock himself had relations with the woman.
Based upon all those findings, the SLA canceled the Gam Wah liquor licenses on May 18,1966. Prior to that determination, but after the conclusion of the second hearing, the vice president of Gam Wah submitted a statement to the SLA agreeing to accept restrictions on its license which would limit or prohibit the connection of Mock with Gam Wah. By that time, Mock had resigned as Gam Wah president and as a director, and had transferred his stock to the corporation.
On an unspecified date in May, 1966, the indictments against Mock were dismissed on the motion of the Nassau County District Attorney.
*1072 Gam Wah then instituted judicial proceedings to review the license cancellation. After transfer to the Appellate Division, those proceedings were discontinued with prejudice on September 20, 1966.
A new license application was filed by Gam Wah in June, 1966, and was denied by the SLA, on the ground that Mock was the principal stockholder of the corporate owner of the premises on which Gam Wah was located, and that Betty Mock, his wife, owned an interest in Gam Wah and was employed there.
A subsequent license application in September, 1966 demonstrated that Mock and his wife had divested themselves of all interest in Gam Wah and the landlord corporation. This application was approved on condition that the Mocks have no interest in, be employed at, or permitted on the licensed premises. Until 1970, the liquor license was annually renewed on those conditions.
In February, 1970, Gam Wah requested by letter that the conditions be modified to permit the Mocks to be present on and employed at the Gam Wah premises. By letter of April 1, 1970, the SLA declined to modify the restrictions, and Gam Wah instituted judicial proceedings to review that determination. Those proceedings were dismissed on the ground that the February,. 1970 letter from Gam Wah did not constitute a proper demand for relief from the SLA (Matter of Gam Wah Rest. v. Ring, Index No. 8407/70, Supreme Court, Nassau County, Nov. 3, 1970), and an unperfected appeal from that judgment is pending.
In its license renewal application for 1971-1972, Gam Wah formally requested that the license be issued free of restrictions as to the employment or presence of the Mocks on the premises. The SLA denied the request to lift the conditions and authorized renewal of the license in its previous form, advising Gam Wah that acceptance of the renewal would constitute agreement to the conditions previously imposed. Gam Wah accepted the renewal, but instituted this proceeding to review the restrictions. The SLA’s motion to dismiss the petition was denied by Mr. Justice Suozzi of this court, who ruled that this proceeding should be considered as an action for declaratory judgment, that Gam Wah may maintain an action to void the conditions despite its acceptance of the license subject to the conditions, that the action was not barred by the doctrine of res judicata, and that no other proceeding is pending for the same relief. (Matter of Gam Wah Rest. v. Ring, Index No. 3240/71, Supreme Court, Nassau County, April 20, 1971.) The SLA then served its answer, and this proceeding was submitted on the subsequent return date.
*1073 By virtue of Mr. Justice Suozzi’s prior determination, the law of the case is that the action is properly instituted and that Gam Wah may challenge the conditions imposed in the 1971-1972 license renewal. (See, Treadway-Binghamton Co. v. State Liq. Auth., 62 Misc 2d 626, affd. 35 A D 2d 222.) The judicial review of the SLA’s determination is limited to whether it was arbitrary and capricious. (Matter of 125 Bar Corp. v. State Liq. Auth., 24 N Y 2d 174; Matter of Brodi v. State Liq. Auth., 33 A D 2d 933.) The court may not substitute its judgment for that of the SLA. (Matter of Williamson v. New York State Liq. Auth., 14 N Y 2d 360.)
In the 1966 hearings, the SLA determined that Mock had knowingly permitted and abetted improper practices at Gam Wah and determined that he was an unfit licensee. Neither Gam Wah nor Mock challenged that determination, and it was the basis for the SLA directive that Mock be prevented from occupying any position which would permit him to exercise, directly and indirectly, any influence in the Gam Wah management.
Gam Wah has made no request here to lift the conditions which bar the Mocks from proprietary interest in the licensee. It asks only that they be permitted to frequent the premises and be employed there.
SLA has great discretionary authority. Conditions may be imposed by SLA so long as they bear a reasonable relationship to licensing fitness. (See, Matter of Baird v. State Liq. Auth., 277 App. Div. 60.) “ The [SLA] is clothed by statute with discretionary power to determine whether a person may be licensed to traffic in alcoholic beverages. (Alcoholic Beverage Control Law, § 17.) There is no inherent right to a liquor license, such licenses being issued as a privilege only to those of high standing and character.” (Matter of Rios v. State Liq. Auth., 32 A D 2d 995, 996.)
While the criminal charges against Mock did not result in conviction, the SLA could nonetheless take their substance into account in its administrative proceedings. (Matter of Lynch’s Bldrs. Rest. v. O’Connell, 303 N. Y. 408, 410.) The restriction of continued employment of Mock by the licensee cannot be termed arbitrarily imposed by the SLA. His regular paid working attendance could represent a substantial regulatory hazard.
On the other hand, so long as Mrs. Mock performs demonstrable services for a reasonable compensation, her total preclusion as an employee is unreasonable. Moreover, the absolute prohibition of the Mocks as ordinary customers of Gam Wah is unreasonable. The court must observe that over five years have *1074 passed without adverse finding against Mr. Mock, and that Mrs. Mock was never the subject of criticism other than by marital relationship. In the event any employment of Mrs. Mock or visitation of either of them is found to be deceitful in seeking to avoid directly or indirectly the ownership or control restrictions reasonably imposed on the licensee, the SLA may take appropriate action against Gam Wah.
Judgment will be granted annulling the restrictions placed upon the license renewal to the extent that Betty Mock shall be permitted employment on the Gam Wah premises and Harry and Betty Mock shall be permitted on those premises as ordinary patrons of the licensee. Neither of the Mocks shall be on the licensee premises except as specifically described in this memorandum.
In the absence of any request for that relief, the court has not passed upon the question whether the Mocks should be permitted to maintain ownership interests in Gam Wah or its landlord. Neither has the court passed upon the applicability of section 40 of the Civil Rights Law to the exclusion of Mock from the Gam Wah premises.