Guy A. Graves, J.
The defendant the State Liquor Authority of the State of New York, hereinafter referred to as SLA, moved pursuant to CPLR 3211 (subd. [a]), for an order dismissing the complaint on the grounds that it does not state a cause of action in either of the two causes set forth therein, in that the first cause of action does not allege any wrongdoing upon the part of the defendants and the action complained of is not reviewable ; and, further, the second cause of action states no cause of action or wrongdoing on the part of the defendant in barring the use of the trade name in question, viz: “ Godfather ’ ’.
The plaintiff, G. L. & R. Realty Corp., cross-moved for a judgment declaring that the defendant State Liquor Authority can *621 not legally prohibit the use of the trade name ‘ ‘ The Godfather Restaurant and Lounge ” as a condition to the issuance of a “ Special On-Premises Liquor License The plaintiff also seeks a preliminary injunction restraining the defendant from revoking, suspending or refusing to renew the plaintiff’s liquor license by reason of the plaintiff’s use of the said trade name.
The facts giving rise to this action are undisputed:
The plaintiff is a domestic corporation having been incorporated on or about January 10, 1973.
The plaintiff corporation on September 24,1973 applied to the State Liquor Authority for a restaurant liquor license (designated “Special On-Premises”) for premises located at Plank Road and Old State Road in the Town of Clifton Park, Saratoga County, New York.
The defendant by letter dated November 13, 1973 approved the application on condition that the plaintiff choose a different name other than ‘ ‘ The Godfather Restaurant and Lounge ’ ’. The conditional approval did not set forth the reason or basis for refusing the use of said trade name.
An amendment to the application for a liquor license was filed by the plaintiff amending said application to indicate that the name to be used would be “ The Father’s Restaurant and Lounge ” in the place and stead of “ The Godfather Restaurant and Lounge”. A license was issued to the plaintiff on November 14, 1973 and the plaintiff has been operating under this name since said date. On December 7,1973, the plaintiff applied for a reconsideration of the defendant State Liquor Authority’s decision with a request to permit the use of the name ‘ ‘ The Godfather Restaurant and Lounge ”. At a meeting of the SLA held on January 3,1974 it was determined: ‘ ‘ Request for reconsideration is granted and upon reconsideration the prior determination of the Members of the Authority is adhered to.”
The plaintiff had expended money for advertising and promotional materials and had erected a large sign on the premises on which the letters “ G-O-D ” have been blocked out. The SLA had notified and warned the plaintiff that the continued use of the trade name “ The Godfather Restaurant and Lounge ’’would result in appropriate action against the granting of a license. The SLA at this time has taken no other affirmative action against the plaintiff.
The plaintiff had filed an assumed name certificate with the Saratoga County Clerk’s office covering the name in issue prior to the filing of the first application with the SLA. It also appears that the plaintiff had sought to incorporate the busi *622 ness under the name in issue but that the name was not available for incorporation since it was in conflict with “ The Godfather ¡Restaurant ” which was filed with the Secretary of State on April 6, 1973, the location being New York County. It appears that the Secretary of State had not raised any question concerning the use of the name “ Godfather ” in permitting the use of the name by a New York corporation.
The SLA on oral argument stated that its objection to the use of the name was based on religious grounds and also because it has a secondary meaning that portrays lawlessness. The SLA’s legal position is that there was never a conditional approval of the license as alleged in the complaint but that it was granted “ subject to ” the filing of a different trade name. The court is unable to perceive the SLA.’s logic in this respect or the difference since the net result was that the plaintiff could not operate under the trade name originally requested unless it filed a new trade name acceptable to the SLA. The SLA, in effect, made a determination that the application was ‘ ‘ conditionally approved and a license will be issued ” and “ subject to filing a different trade name The SLA’s letter of approval further stated ‘ ‘ This letter of approval shall be void if you do not comply with the conditions contained in this letter prior to the expiration date set forth above.” The expiration date set forth was January 31, 1974. The court here determines that the granting of the license was obviously conditioned on a new trade name being submitted and consequently there is a justiciable issue as to the SLA’s power to deny the use of the name in issue. (See Playboy Club of N. Y. v. Hostetter, 40 Misc 2d 449, affd. 19 A D 2d 822, affd. without opn. 14 N Y 2d 933.)
There is no provision in the Alcoholic Beverage Control Law or any decided cases interpreting any statute which expressly or impliedly forbids the issuance of a restaurant liquor license to one whose restaurant bears the name “ The Godfather ¡Restaurant and Lounge The defendant SLA seeks to justify its decision or conclusion by relying on discretion vested in them to operate “for the purpose of fostering and promoting temperance * * * and respect for and obedience to law ”, and, further, ‘ ‘ for the protection, health, welfare and safety of the people of the State ”. (See Alcoholic Beverage Control Law, § 2, Policy of state and purpose of chapter.)
A condition that is imposed prior to the issuance of a liquor license must have a reasonable relationship to the purpose being accomplished within the meaning, expressly or impliedly, of the statute granting such authority. This is not an instance *623 where the name sought is obviously repugnant as obscene, pornographic or one that obviously ridicules or demeans another person, institution or belief. However, unless there is a statutory norm or standard or reasonable rule or guideline to govern what is permissible, the authority vested in the SLA is subject to being scrutinized by the courts. (Playboy Club of N. Y. v. Hostetter, supra.)
The word “ Godfather ” generally defined means a man who acts as a sponsor for a child at baptism and agrees to insure its Christian training. The plaintiff’s attempt to ‘ ‘ baptize ” its establishment with the name of ‘ ‘ Godfather ’ ’ is obviously done for the purpose of obtaining publicity, public interest, attention and curiosity with the anticipation and expectation that it would promote business.
It would appear that the primary meaning has little relationship to the question presented to the court. The primary question is whether or not a secondary meaning is so sinister and evil as well as patently offensive to the public that it would not foster temperance and respect for and obedience to law within the meaning of section 2 of the Alcoholic Beverage Control Law.
The study of the origin and development of words, their forms and meaning may strike the layman as an esoteric and abstruse pursuit, perhaps of questionable value. At one time it was thought that there is a single and true meaning for every word. This narrow thinking has been replaced by the concept that words are essentially nothing more than conventional symbols whose use, pronunciation and meaning may vary from person to person and from generation to generation. At one time the word “ Godfather ” had only one meaning-. Now, it has several and by the time this ink becomes dry, it may have another.
No one has been able to standardize our speech any more than any one has been able to standardize our thoughts. American speech and thought thrives, it grows, it changes and it is shaped and directed by man’s mind, his activity and his society. If the process were ever to be terminated, we might well end up with an ossified and stilted language. Our heritage from the Old World has provided us with a rich variety of not only customs but our ever growing and changing language. The meaning of the word “ Godfather ” is now perhaps temporarily an example of this change in our everyday language. It is not so patently offensive per se or destructive of the public good and not so distasteful and sinister in its meaning to preclude its use within the purview and meaning of section 2 of the Alcoholic Beverage Control Law.
*624 Seeking analogous situations, the court observes that in Matter of Cooper v. Goodman (65 Misc 2d 939), a County Clerk was directed to accept for filing certificates of doing business under the assumed names of ‘1 The Brothel ”, “ The Garden of Erotic Pleasures ”, “ Theatre O ” and “ Club Orgy ” (General Business Law, § 130). The court held that although the County Clerk had the right to review the propriety of the assumed names in the certificates of doing business and even though the names are distasteful, that that is not a sufficient reason to deny their filing. The court determined that there was no showing that the assumed names are in contravention of any provision of law. Though the use of these names would involve the public, the court here does not pass upon their propriety insofar as the Alcoholic Beverage Control Law is concerned.
An examination of the Business Corporation Law governing corporate names reveals that certain designated words and phrases that may be misleading are not permitted to be used in a corporate name. (See General Business Law, §§ 301, 302.) The gen'eral purpose of these sections is to protect the public and to prevent deception and confusion. There is no claim in the present case that there is any such protection of the public involved or that there would be some element of deception or confusion.
Another situation is revealed in section 6811 of the Education Law which prohibits the use of ¡any names that may imply the sale of drugs generally unless the place of business so conducted is a licensed pharmacy. No other statutory bar is cited and I conclude the name “ Godfather ” is not prohibited per se by any statutory provision.
By plaintiff’s affidavit served on defendants and responded thereto, plaintiff has offered proof of a former convent, with stained glass windows containing a religious motif, a large, conspicuous cross imbedded in the exterior walls, a chapel with pews and an altar which has been turned into a bar and tavern and licensed by defendant as ‘ ‘ Heavenly Inn ’ ’ and operating in the Capital District.
The court takes judicial notice, on its own initiative, of such licensed premises as the “ Oar House ” (explanation of innuendo unnecessary), and the “ Benedict Arnold’s ” (a notorious traitor to the United States of America, which is about to celebrate its bicentennial of independence).
*625 The connotations of these names may be justifiably repugnant to certain segments of our society, but apparently they have been allowed and licensed by the SLA without stated condition or reservation.
Although the court appreciates the SLA’s motives, that agency appears to have had no difficulty in stamping its imprimatur on these and the court concurs with Ralph W. Emerson ‘1 that a foolish consistency is the hobgoblins of small minds, etc.”. However the court can no more infer that the name “ Godfather ” will attract or encourage such types as the Mafia or Marlon Brando than that the “ Oar ” House will become the rendezvous of “ladies of the evening” or the “Arnold” a meeting place for the Symbiotic Liberation Army. Parenthetically, it is ironic that even “SLA” now has primary and secondary meanings; the one acceptable, the other horrific.
This court is mindful that any word or name may eventually at a certain time and place have a meaning ascribed to it that although presently acceptable could be rendered legally and patently offensive. At this time there is no showing made that the word “ Godfather” has fallen to such disrepute that the public must be protected from its existence on a theatre marquee or for that matter on a liquor license permit.
The court’s determination here is limited to the plaintiff’s right to file an application with the SLA setting forth the trade name. The court does not determine any right of use of said trade name as to third parties or that the plaintiff has any preemptive right to the exclusion of others.
The court grants the plaintiff’s application for a declaratory judgment that the SLA has no power or authority to revoke its license or to prohibit the use of the trade name “ The Godfather Restaurant and Lounge ” on the sole ground that the name is not acceptable for religious reasons or that it promotes intemperance and lawlessness.
The court denies the plaintiff’s application for a temporary restraining order without prejudice to a renewal thereof in the event a sufficient showing is made that the SLA is taking action to suspend or revoke the plaintiff’s license or affecting its renewal solely on the basis of the use of the trade name as herein set forth.
The plaintiff’s second cause of action to cancel the plaintiff’s apparent agreement not to use the trade name in issue but another name in lieu thereof on the ground that it was procured under duress is dismissed since the determination arrived at herein renders the same moot.