Martin B. Stecher, J.
The respondent State Liquor Authority (Authority) has moved to dismiss this CPLR article 78 petition alleging that the challenged determination is not "final” (CPLR 7801, subd 1); that the relief requested raises none of the questions which such a proceeding is designed to answer (CPLR 7803); and that the issues, not being among those enumerated in section 121 of the Alcoholic Beverage Control Law, are beyond this court’s jurisdiction.
For the purposes of this motion, we assume the facts alleged in the petition to be true (Cutcher v Nyquist, 39 AD2d 810). The petitioner, since February, 1972, has published a bimonthly magazine called Wine Now which it sells to package liquor stores who in turn distribute it without cost to their customers. Approximately half of the petitioner’s revenues comes from sales and the balance from advertising equally divided between liquor distributors and others. The editorial content deals with wines, appraising them, recommending vintages and labels, and other foods and merchandise thought to be related to wine.
On July 11, 1974, the respondent issued its Bulletin No. 478 (series 1974) directed to "Manufacturers and Wholesalers of *306 Liquor and Wine”. It informs them that in the future package stores will be permitted to distribute none but "Permitted” publications and that a magazine may be so designated when the respondent accepts for filing a "stipulation” signed by the publisher agreeing to the terms of this bulletin. To be "Permitted”, he must limit his editorial content to banalities such as recipes, needlework and gossip columns and the'magazine ”may not contain any other material without the prior approval of the Authority. ” The editorial space may not exceed advertising space, and it may only accept "standard brand” and not "private label” advertising. The publication may not recommend any brand of wine or liquor; and to be "Permitted”, it must give the Authority access to its books and records "at any time or from time to time.” The bulletin declares that "brand owners and/or brand agents shall have the right to advertise in 'permitted publications’.” The petitioner twice offered its "stipulation for filing” and was twice rejected; once on the ground that editions circulated prior to Bulletin No. 478’s promulgation failed to meet the bulletin’s requirements. A demand for a hearing was refused.
Assuming respondent’s right to, in effect, issue "permits” to publications, its refusal to file the petitioner’s stipulation coupled with the denial of a hearing is "final” (CPLR 7801, subd 1) warranting this proceeding to compel it to file the stipulation. The petitioner asserts that the Authority is limited by law (Alcoholic Beverage Control Law, § 17) to the permits it may issue (Alcoholic Beverage Control Law, art 7); that Bulletin No. 478 creates an unauthorized class of permits; that the respondent unlawfully proposes to proscribe the petitioner’s publication and that it has "proceeded, is proceeding (and) is about to proceed without or in excess of jurisdiction” (CPLR 7803, subd 3). Certainly an article 78 proceeding in the nature of prohibition is appropriate (Matter of Hogan v Court of General Sessions, 296 NY 1).
The petitioner seeks refuge in the First Amendment to the United States Constitution and there can be little doubt that on its face Bulletin No. 478, in the guise of regulating liquor dealers may be "abridging the freedom * * * of the press.” The dubious argument that an enforced limitation of circulation does not abridge press freedom hardly warrants dismissal of the petition. While the usual form of proceeding in such case may be an action for a judgment (CPLR 3001), declaring that the bulletin is unenforcible (Goodwill Adv. Co. v State *307 Liq. Auth., 40 Misc 2d 886, affd 19 AD2d 928), the question is appropriately raised in an article 78 proceeding (Industrial Group Serv. v Cantor, 24 AD2d 1032; cf. CPLR 103, subd [c]; Pryzborowski v O’Connell, 297 NY 940).
The challenge to the proceeding on the ground that it is not enumerated in section 121 of the Alcoholic Beverage Control Law is rejected. The section deals with licenses and permits issued by the Authority. If designating "Permitted Publications” involves permits, it is covered by the section. If, as the Authority contended on oral argument, the bulletin does not involve licenses or permits, we must conclude that the right granted by the statute to bring the proceeding is not exclusive (Fenson v State Liq. Auth., 152 Misc 446, affd 243 App Div 847). Serious constitutional issues are raised which may entitle the petitioner to an injunction (Burack v State Liq. Auth., 160 F Supp 161) and this court is obligated to uphold the Constitution irrespective of State statute (US Const, art VI, § 3). And if, for any reason, section 121 of the Alcoholic Beverage Control Law is deemed to bar an article 78 proceeding, dismissal need not result (CPLR 103, subd [c]; Matter of Treadway-Binghamton Co. v State Liq. Auth., 62 Misc 2d 626, affd 35 AD2d 222).
The motion to dismiss the petition is denied. The respondent shall serve its answer on or before October 10 and the matter shall appear on the calendar of Special Term Part I of this court for determination on October 15, 1974.
The petitioner has demonstrated that it will be irreparably damaged should the respondent implement its Bulletin No. 478 prior to the adjudication of this controversy. Accordingly, pending the determination of the motion for a preliminary injunction or a prior order dissolving this stay, the New York State Liquor Authority is stayed from implementing its Bulletin No. 478 (series 1974) with respect to the petitioner or its publication distributed under the names Wine Now, Vinum Fluat and Buy-Rite Wine Press; is stayed from issuing any "cease and desist” or similar order concerning the said publication to respondent’s licensees; is stayed from otherwise interfering with the circulation or the insertion of advertising or editorial matter therein; and is stayed from issuing any lists, data or other information from which persons in the wine and liquor industry may conclude that publications exclusive of petitioner’s are "Permitted Publications.”
An issue is raised as to the duration of the stay. I decline to *308 direct its expiration at the end of 30 days (Alcoholic Beverage Control Law, § 121). It is not at all clear that the statutory limitation refers to other than license proceedings enumerated therein; or that by the statute the Legislature intended (or was enabled) to limit the court’s enforcement of the United States Constitution. The matter of the duration of the stay is reserved to the Justice before whom the merits of the controversy shall be placed.