OPINION OF THE COURT
Richard F. Kuhnen, J.
Petitioner, by order to show cause, moved for an order pursuant to section 130 of the General Business Law to dispense with signature of respondent to a certificate of discontinuance of doing business as partners.
The matter came on before the Honorable David F. Lee, Jr., at Special Term, on March 17, 1981, and the motion was denied by Justice Lee on the ground that the moving papers failed to contain sufficient facts as to the nature of the partnerhip, but with leave to renew the motion, which has now been done. Since the prior motion was made, an action for an accounting has been instituted by respondent on December 30, 1981.
The purpose of requiring the filing of a certificate by persons operating under an assumed name or as partners is to protect the public, to afford the public information as to the identity of the persons conducting the business, to prevent deception and confusion. (G.L. & R. Realty Corp. v State Liq. Auth., 78 Misc 2d 620; Matter of Cooper v Goodman, 65 Misc 2d 939.) It does not affect the rights between the partners as to the continued use of the assumed name or rights to the assets of the partnership.
*383 That the parties in fact no longer operate as partners appears clear. The continuance of the present certificate on file constitutes a misrepresentation to the public which calls for correction. The motion is therefore granted.
We see no reason for denial of the motion because section 61 of the Partnership Law provides that on “dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed.” The purpose of that section is to continue the liability of partners on predissolution obligations. (Patrikes v J.C.H. Serv. Stas., 180 Misc 917, affd 180 Misc 927, mot for lv to app den 266 App Div 924.)
Respondent argues that the motion should be denied as no “special proceeding” has been commenced by petitioner or no plenary action. As pointed out, this proceeding was originally instituted by order to show cause. This is a proper method. (CPLR 103, subds [b], [c]; 403, subd [d]; and General Business Law, § 130, subd 10.)