Glenn S. Hackett, Esq. County Attorney, Niagara
Your office has asked whether a limited partnership can file a certificate of doing business under an assumed name pursuant to section130 of the General Business Law.
Section 130 of the General Business Law is a consumer protection statute which requires persons who transact business under an assumed name, or as members of a partnership, to file a certificate in the county clerk's office of each county in which they transact business (General Business Law, § 130 [1]). The certificate must set forth the name under which business is to be conducted, the address within the county where the business is conducted and must identify the persons who will be conducting the business (ibid.). The purpose of this filing requirement is to identify the persons conducting the business, and to protect the public by preventing deception and confusion (Reed v Pelley,112 Misc.2d 382 [Sup Ct, Broome Co, 1982]; G.L. R. Realty Corp. v StateLiquor Authority, 78 Misc.2d 620 [Sup Ct, Saratoga Co, 1974]).
Although section 130 (1) requires persons doing business as members of a partnership to file a certificate of doing business with the county clerk's office, limited partnerships are specifically exempted under subdivision 7 of section 130:
 "Subdivision one of this section [the filing requirement] shall not apply to a limited partnership, or to a person who, or a partnership which, has duly filed a certificate of continued use of firm name under article seven of the partnership law . . ." (General Business Law, § 130 [7]).
Limited partnerships are, however, required to file a certificate under section 91 of the Partnership Law. Certificates filed under section 91 must set forth the name of the partnership, the location and character of the business, the term of the partnership and certain information as to the financial relationship between and among the partners (Partnership Law, § 91 [1]). Section 91 also contains a publication requirement, which puts the public on notice as to the nature of the limited partners' liability (Partnership Law, § 91 [1] [b]). Inasmuch as limited partnerships have their own filing requirements under section 91 of the Partnership Law, and are specifically exempted from the filing requirements of section 130 of the General Business Law, they may not file certificates of doing business under section 130 (1980 Op Atty Gen [Inf] 228). The county clerk, pursuant to his authority to review certificates submitted for filing under section 130, may properly refuse to accept such certificates from limited partnerships.
We conclude that a limited partnership may not file a certificate of doing business under an assumed name pursuant to section 130
of the General Business Law. A limited partnership must, however, comply with the filing requirements of section 91 of the Partnership Law.